IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDWARD LOCKETT, JR.,                :

        Plaintiff,         :   Case No. 3:11cv372

vs.                                 :   JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

        Defendant.         :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR ENTIRETY[1]; PLAINTIFF'S "FINAL RECOMMENDATION" CONSIDERED AS OBJECTIONS TO SAID JUDICIAL FILING (DOC. #13) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT FOR A PERIOD PRIOR TO JANUARY 29, 2010, AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT PRIOR TO THAT DATE; TERMINATION ENTRY

---

       Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.

---

[1] Only part of the Administrative Law Judge's decision was before Judge Merz on appeal. The ALJ, while concluding that Plaintiff was not disabled prior to January 29, 2010, nonetheless concluded that he had become disabled, both for a period of disability and disability insurance benefits, as well as for supplemental security income, beginning on January 29, 2010. Quite obviously, the Plaintiff did not file an appeal from that latter portion of the ALJ's decision. Understandably, the Magistrate Judge dealt only with the matter under appeal, to wit: Plaintiff's alleged disability prior to January 29, 2010. This Court's decision will, therefore, deal only with the question of Plaintiff's disability, within the meaning of the Social Security Act, during the above referenced earlier period.

On May 1, 2012, the United States Magistrate Judge filed a Report and Recommendations (Doc. #12), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits prior to January 29, 2010, and, therefore, not entitled to benefits under the Social Security Act prior to that date be affirmed. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #12), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff was not disabled prior to January 29, 2010, and, therefore, not entitled to benefits under the Social Security Act prior to that date, was supported by substantial evidence. The Plaintiff's "Final Recommendation," considered as Objections to said judicial filing (Doc. #13), are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled, within the meaning of the Social Security Act, for the period prior to January 29, 2010, is affirmed.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley

-2-

v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536

(6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. Were this Court hearing this matter in the first instance, upon a de novo basis, the result reached herein might well have been different. However, the Court's task in reviewing a finding of non-disability rendered by the Defendant Commissioner, upon review by the Magistrate Judge, is not to determine whether the record contains substantial evidence of disability; rather, the Court's task is to determine whether the Commissioner's finding of non-disability is supported by substantial evidence. In this matter, the record is so supported.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #12) in their entirety, having

-4-

concluded that the Commissioner's decision that Plaintiff was not disabled prior to January 29, 2010, and, therefore, not entitled to benefits under the Social Security Act prior to that date, was supported by substantial evidence. Plaintiff's "Final Recommendation," considered as Objections to the Magistrate Judge's Report and Recommendations (Doc. #13), are overruled. Judgment will be ordered entered in favor of the Defendant Commissioner and against Plaintiff herein, affirming the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, prior to January 29, 2010.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 19, 2013

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record